Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

District of

_____ Division

|  |  |
|---|---|
| Monique L. Tyler ) | Case No. 1:20cv1511 |
| _Plaintiff(s)_ ) | (to be filled in by the Clerk's Office) |
| (Write the full name of each plaintiff who is filing this complaint. ) | CMH/IDD |
| If the names of all the plaintiffs cannot fit in the space above, ) |  |
| please write "see attached" in the space and attach an additional ) | Jury Trial: (check one) ☐ Yes ☐ No |
| page with the full list of names.) ) |  |
| -v- ) |  |
|  ) |  |
| City of Alexandria Recreation, Parks and Cultural ) |  |
| Activities ) |  |
| _Defendant(s)_ ) |  |
| (Write the full name of each defendant who is being sued. If the ) |  |
| names of all the defendants cannot fit in the space above, please ) |  |
| write "see attached" in the space and attach an additional page ) |  |
| with the full list of names.) ) |  |

Stamp: DEC - 8 2020 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | Name | Monique L. Tyler |
   |---|---|
   | Street Address | 6150 Edsall RD #302 |
   | City and County | City of Alexandria , Alexandria |
   | State and Zip Code | Virginia 22304 |
   | Telephone Number | 301-254-8971 |
   | E-mail Address | mlt1012@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
    Name: City of Alexandria Recreation, Parks and Cultural Activities
    Job or Title (if known):
    Street Address: 1108 Jefferson Street
    City and County: City of Alexandria, Alexandria
    State and Zip Code: Virginia, 22314
    Telephone Number: 703-746-5422
    E-mail Address (if known):

Defendant No. 2
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Nannie J Lee Center City of Alexandria Recreation, Parks and Cultural Activities |
| Street Address | 1108 Jefferson Street |
| City and County | City of Alexandria, Alexandria |
| State and Zip Code | Virginia, 22314 |
| Telephone Number | 703-746-5535 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:
Retaliation

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, NE
Suite 4NW02F
Washington, DC 20507

OFFICIAL BUSINESS

22304-586577

CAPITAL DISTRICT
13 OCT 2020PM 3 L

U.S. POSTAGE >> PITNEY BOWES
ZIP 20507
02 4W
0000361777 OCT 09 2020
$ 000.50⁰



# Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Monique Tyler<br>6150 Edsall Road, Apt 302<br>Alexandria, VA 22304 | From: | Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10A-2020-00015 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Mindy E. Weinstein,
Director

October 9, 2020
*(Date Mailed)*

cc:

CITY OF ALEXANDRIA (RECREATION, PARKS &
CULTURAL ACTIVITIES
1108 Jefferson Street
Alexandria, VA 22314

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: sexual harrassment and age discrimination

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
Years 2014 to 2019

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race
- ☐ color
- ☒ gender/sex
- ☐ religion
- ☐ national origin
- ☒ age *(year of birth)* 1969 (only when asserting a claim of age discrimination.)
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

copy of EEOC Discrimination complaint attached

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

November 14, 2019

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*    10/13/2020    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | E-010-111419 10A-2020-00015 |

Alexandria Office Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Monique Tyler | (301) 254-8971 | 1969 |

Street Address: 6150 Edsall Road, Apt 302, Alexandria, VA 22304

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of Alexandria (Recreation, Parks & Cultural Activities) | 500 or More | |

Street Address: 1108 Jefferson Street, Alexandria, VA 22314

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [X] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-01-2014
Latest: 11-04-2019
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**See attached affidavit.**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Nov 14, 2019

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC #<u>10A-2020-00015</u>
AHRO# <u>E-010-111419</u>

## COMPLAINT OF DISCRIMINATION IN VIOLATION OF
## THE HUMAN RIGHTS CODE OF THE CITY OF ALEXANDRIA

This day I, _____ <u>Monique Tyler</u> _____, residing at
(Complainant)

<u>6150 Edsall Road, Apt 302</u> ,  _____ <u>Alexandria, Virginia 22304</u> _____,
(Street Address)                              (City, State, Zip)

under oath state as follows:

I have reason to believe that the ___ <u>City of Alexandria (Recreation, Parks & Cultural Activities)</u> ___,
(Respondent Name)

<u>1108 Jefferson Street</u> , _____ <u>Alexandria, Virginia 22314</u> _____,
(Street Address)                              (City, State, Zip).

has committed, or is committing, an unlawful discriminatory practice in violation of the Alexandria Human Rights Code, Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended. The last offense date was on or about <u>November 4, 2019.</u>

THE PARTICULARS ARE:

I believe that I have suffered discrimination, specifically disparate treatment, unlawful termination, and harassment because of my age (>40) and sex (female), and retaliation, by the City of Alexandria Department of Recreation, Parks & Cultural Activities (hereinafter "Respondent" or "RPCA") in violation of the Alexandria Human Rights Code, Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended:

On or around November 2008, I began working for RPCA as a part-time Recreation Leader III, working 20 hours a week. Because I worked 20 hours weekly, I am eligible for City benefits. I am qualified for this position based on my training and experience and I have consistently performed well in this role. I was initially hired to work from 3 to 6 pm Monday through Friday, and from 11 to 4 on Saturdays.

Beginning in 2014, I have been subjected to a pattern of disparate treatment and hostile behavior by my management, particularly Ms. Person. In 2014, I found out that the schedule at my other job, with Fairfax County Public Schools, was changing, so that I would not be able to arrive on weekdays until 3:30 pm. I informed Ms. Person, and asked to either adjust my hours slightly, from 3:30 to 6:30 pm, or to be permitted come in earlier on Saturdays to make up the additional 2.5 hours. Ms. Person denied my request, even though allowing me to come in at 3:30 pm would not interfere with the Therapeutic Recreation program I staffed. She told me I could not come in early on Saturday because she could only assign me to a Therapeutic Recreation program. Younger male employees were allowed to adjust their

schedules without incident. Ms. Person told me that, as a result, I would have to drop below 20 hours and become a seasonal employee, meaning I would stop receiving benefits.

Around the same time, Ms. Person announced that all staff would be required to a lifeguard training, which fell on the same day as my daughter's cheerleading competition. Several days in advance of the training, I informed management staff of the conflict and asked what other arrangement I could make to receive the training. I was informed that Ms. Person said the training was mandatory and no alternative was possible. I apologized to Ms. Person, and explained why it was so important that I attend the competition as my daughter's only parental support. She told me that it would be very difficult for me to make up the training, and implied that I would be terminated for failing to attend the training. As it turned out, I was easily able to schedule a makeup training session and, ultimately, Ms. Person ended up rescheduling the training for the entire staff.

Concerned by both of these incidents, I spoke with Margaret Orlando. She met with me and Ms. Person, who denied she had threatened me with termination. She claimed that I was "impacting the program needs," without offering any evidence. Ms. Orlando told Ms. Person that she needed to find me additional hours to fill my 20-hour schedule. Ms. Person told me that the only schedule available was on Monday and Wednesday nights from 5 to 9 pm at the Lee Center. I told Ms. Person that this would cause childcare problems, however, she told me there was no alternative. Not wanting to lose my benefits, I accepted this schedule change.

Almost from the beginning of working nights, I was the only staff on duty. Several incidents occurred which led me to feel unsafe. At least once, a fight broke out in open gym, and I, with the help of another participant, had to separate several grown men and remove the aggressor from the building. When I contacted Ms. Person and Brenda Holloway for help, they told me to get help from the maintenance worker. Another Recreation Center Director, however, asked me why I was working alone, and told me he always had two employees on staff at night. He brought this issue up in a manager's meeting, and only then did Ms. Person and Ms. Holloway look at the video of the incident. On another occasion, a participant followed me into a classroom and told me he liked me. I told him no and asked him to leave the room. He came out to the front desk and told me I wasn't too old for him. This unnerved me, and I filed an incident report, but did not receive a response. On another occasion, a participant brought me food and asked me for my phone number. This made me so uncomfortable that I asked the maintenance worker to walk me to my car. I filed an incident report, and again received no response. Another fighting incident occurred on September 26, 2018, and I complained again that I did not feel safe working alone at night.

On October 15, 2018, I received a call from Ms. Holloway shortly after 6 pm, while I was working, and was told to go home. I asked why and was told that another employee would be working because I did not feel safe, and they were not going to pay two people to work and that they did not have the budget to assign another employee to work nights with me. On the way out, I ran into Mr. Spengler, Department Director, and explained the situation to him and my concerns about safety. Only after this were additional employees put on the night shift with me.

During the summers since I first began complaining about Ms. Person's unfair treatment of me, I have not permitted to work additional hours during summer, while other, younger employees have been. I have also learned that another, younger female employee, who is also a part-time Recreation Leader III

has been permitted to work up to 40 hours, well beyond the 20 hours she is supposed to be scheduled for. I have never been offered such an opportunity.

On September 12, 2019, I requested leave for October 10, 11, and 15. Ms. Person told me she thought the 11th was not possible because two people had already requested leave, but that she would let me know. On September 26, Ms. Person called me into her office and gave me a memo, denying my leave request. She also told me that I did not have enough leave. I reviewed my available leave and informed her that it was short by at least 2.5 hours. She told me she did not have anything to do with that. I stated that I would speak with Human Resources about it and that I still planned to take those three days off. I also reviewed the memo Ms. Person provided me. In addition to reporting that I had an insufficient leave balance, Ms. Person claimed again that two other people had already put in leave requests for October 11, and that this would leave the center short staffed. However, she made no mention of why I could not take October 10th or 15th off. Additionally, I spoke with one of the staff who was taking the 11th off and learned that she had submitted her leave request after I had.

The following day, I called Barbara Farrington to discuss the situation with her. I told her, regarding my leave request, that I would like to take the three days off without pay. I also informed her that I was concerned about my job and that I felt it was being threatened. I told her twice that I planned to speak with legal counsel, and I asked her for contact information for the EEOC, making clear that I believed I was experiencing discriminatory treatment.

On October 9, 2019, still feeling concerned about my leave, I went to the main office and asked Ms. Holloway to come to Ms. Person's office with me. I reminded Ms. Person that I would be taking leave, per my request, to which Ms. Person replied, "just to let you know, it's not approved." Again, I believed there was not a problem with me taking the days without pay, and Ms. Person made no mention that there was any possibility of termination for doing so. I left the office and wrote in the timekeeping notebook that I would be taking off without pay on those three days.

When I returned to work, on October 16, I was called into a meeting with Ms. Farrington and Ms. Person, told me that I was being recommended for termination because I had missed three days of work without authorization. However, I was not given a copy of the termination recommendation memo until November 4, 2019. I believe this action is being taken in retaliation for having complained about Ms. Person's discriminatory treatment of me and the hostile work environment I was subjected to while working nights at the Lee Center by myself.

I aver that the City of Alexandria Department of Recreation, Parks & Cultural Activities has discriminated against me based on my age, sex, and has retaliated against me.



## COMMONWEALTH OF VIRGINIA
## CITY OF ALEXANDRIA

I, _____Monique Tyler_____, being duly sworn, state that the facts and allegations
(Print Name of Complainant)

contained in the foregoing complaint are true to the best of my knowledge and belief.

__11/14/19__  
(Date)

_Monique J Tyler_  
(Signature of Complainant)

Subscribed and sworn to before me this 14th day of November 2019, in the State and City aforesaid, in testimony whereof I have hereunto set my hand and seal.

My Commission expires: September 30, 2020    Commission # 292899

_____  
(Notary Public)

*This complaint shall be held in confidence by the Human Rights Office unless or until the Complainant and the respondent consent to its being public, or until a hearing has begun or unless directed by a court.*

The City of Alexandria Recreation Parks and Cultural Activities has not taken any action to remedy my case. I began my career with the City of Alexandria Department of Recreation, Parks and Cultural Activities in 2008 as a Recreation Leader III. My education and professional experiences remain a priority in fulfilling the needs of the population I serve at all levels. I contributed eleven years to this organization; this employment was well fixed in my life and played an important part in my livelihood. At forty years of age, I started the planning process for my retirement which was adversely impacted by my termination. This ordeal has affected me physically, mentally, emotionally and monetarily. I am requesting a monetary settlement of $250,000 and Attorneys' Fees in response to my complaint of discrimination.

Respectfully,
Monique L. Tyler

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/7/2020

Signature of Plaintiff: *Monique L. Tyler*
Printed Name of Plaintiff: Monique L. Tyler

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

Monique L. Tyler
_____
Plaintiff(s),

v.

City of Alexandria Recreation, Parks
and Cultural Activities Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** Complaint for Employment Discrimination
(Title of Document)

Monique L. Tyler
_____
Name of *Pro Se* Party (Print or Type)

Monique L. Tyler
_____
Signature of *Pro Se* Party

Executed on: 12/8/20 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)